IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
FEB 27 2017
CLERK, U.S. DISTRICT COURT
By_____
Denniy

| | | |
|---|---|---|
| AUTOBAHN IMPORTS, L.P. D/B/A | § | |
| LAND ROVER OF FORT WORTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1172-A |
| | § | |
| JAGUAR LAND ROVER NORTH | § | |
| AMERICA, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of plaintiff, Autobahn Imports, L.P. d/b/a/ Land Rover of Fort Worth ("Autobahn"), to dismiss the counterclaim of defendant, Jaguar Land Rover North America, LLC ("JLRNA"), for want of subject matter jurisdiction and plaintiff's alternative motion to abate proceedings on defendant's counterclaim. Defendant has responded to plaintiff's motions. Having considered the motions, the response, the reply, the record, and applicable authorities, the court has concluded that the motion to dismiss the counterclaim should be granted.

I.

Background

Autobahn initiated this action in state court to recover damages and attorney's fees for JLRNA's alleged violations of the Texas Occupations Code (the "Code"). Previously, the Board of

the Texas Department of Motor Vehicles (the "Board"), by adopting the opinion of the Administrative Law Judge, determined, <u>inter alia</u>, that JLRNA improperly charged back certain incentive payments earned from February 1, 2013 to January 31, 2014, and invalidated and rescinded those charge-backs.  Doc. 14 at 29.[1]

Because the Code does not confer upon the Board the authority to award damages, Autobahn brought the instant action against JLRNA in the District Court of Tarrant County, Texas on November 29, 2016 to recover damages from JLRNA based on the Board's Final Order.  On December 27, 2016, JLRNA removed Autobahn's action to this court.  JLRNA subsequently filed an answer and counterclaim, alleging in the counterclaim two claims for breach of contract.  Both claims involve Autobahn's alleged failure to comply with provisions of the Business Builder incentive program and incentive requirements contained in the 2011 Settlement Agreement.

## II.

### Grounds of the Motions

Autobahn asserts that because the Board has exclusive original jurisdiction over defendant's counterclaim, this court is without subject matter jurisdiction as to such claim.  Autobahn contends, in the alternative, that if the court were to

---

[1] The "Doc. _" references are to the number of the item on the docket in this action.

2

conclude that it does have subject matter jurisdiction, the court should abate the counterclaim until the Board has ruled on whether the contractual provisions underlying JLRNA's counterclaim violate the Code.

III.

Analysis

A. Jurisdiction of the Board

The Board has exclusive original jurisdiction to adjudicate claims governed by the Code. Tex. Occ. Code § 2301.151; See Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 223 (Tex. 2002). A party that asserts a claim that falls within the exclusive jurisdiction of the Board must first exhaust all administrative remedies provided under the Code before seeking judicial review.[2] See Cash Am. Int'l Inc. v. Bennett, 35 S.W.3d 12, 15 (Tex. 2000). If the Code's administrative remedies are not exhausted, the court must dismiss the claim for lack of subject matter jurisdiction. See Subaru, 84 S.W.3d at 221.

Generally, a claim that falls within the exclusive jurisdiction of the Board must be based on "Code-related issues and claims." Id. at 223. Although the Code does not "abrogate any common-law claims . . .," Id. at 217, the Board may

---

[2] Provisions for judicial review of a final order of the Board are found at Section 2301.751 of the Code.

3

nevertheless have jurisdiction over common-law claims whose underlying facts raise issues related to the Code. See Id. at 225-26 (finding that breach of good faith and oral contract claims fell within the exclusive jurisdiction of the Board); cf. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 207-09 (Tex. 2002)(holding that tortious interference claim fell within the primary jurisdiction of the Board). As the Court of Appeals for the Fifth District of Texas at Dallas opined in 2002, "when a claim is asserted that involves a dispute that has not been delegated to the Board but the necessary facts underlying that claim raise an issue that falls within the Board's exclusive jurisdiction, a party must first exhaust its administrative remedies." Ford Motor Co. v. Metro Ford Truck Sales, Inc., No. 05-02-00245-CV, 2002 WL 31296626, at *3 (Tex. App.—Dallas Oct. 14, 2002, pet. denied)(not designated for publication); Accord Ford Motor Co. v. Bob Tomes Ford, Inc., No. 4:10-CV-482, 2010 WL 5390170, at *3 (E.D. Tex. Dec. 21, 2010)(unpublished)(identifying the "gravamen" of a dispute in holding that the Board had exclusive jurisdiction to interpret a Letter of Understanding).

B. Defendant's Counterclaim

The subject matters of both of JLRNA's breach of contract claims are within the exclusive jurisdiction of the Board and must be dismissed for lack of subject matter jurisdiction.

4

JLRNA's claims relate to the charge-back provisions of Section 2301.475(b) of the Code, which authorizes charge-backs only if JLRNA "has reasonable grounds to conclude that [Autobahn] committed fraud *with respect to the incentive program*." (emphasis supplied). Essentially, JLRNA's counterclaim seeks charge-backs on the theory that Autobahn breached contracts pertaining to the incentive program, pursuant to which the incentive payments were made. The facts underlying JLRNA's claims raise an issue within the exclusive jurisdiction of the Board, namely whether such breaches authorize JLRNA to conduct charge-backs under § 2301.475(b).

JLRNA does not explicitly assert that the purpose of its counterclaim is to ultimately justify charge-backs from February 1, 2014 onwards. But the court views the counterclaim in context, and not in a vacuum. See Bob Tomes Ford, Inc., 2010 WL 5390170, at *3. JLRNA utilizes many of the same arguments here that it offered in defense to Autobahn's original action that was adjudicated by the Board in 2016, particularly in regard to Autobahn's alleged failure to deliver vehicles to retail customers or end-users as required under the Business Builder incentive program and the 2011 Settlement Agreement. Compare Doc. 8 at Countercl. ¶¶ 30-31, 34-35, with Doc. 14 at 13-18. JLRNA cannot now invoke this court's jurisdiction to adjudicate

5

nearly identical allegations without first exhausting its administrative remedies before the Board.

IV.

Order

Therefore,

The court ORDERS that JLRNA's counterclaim against Autobahn be, and is hereby, dismissed for lack of subject matter jurisdiction.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED February 27, 2017.

_____
JOHN McBRYDE
United States District Judge

6